UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| X-TRA LIGHT MFG INC; dba X-TRA LIGHT MANUFACTURING PARTNERSHIP LTD, | § § § § |
| Plaintiff, | § § |
| v. | §   CIVIL ACTION NO. H-04-1413 § |
| ACUITY BRANDS, INC., ACUITY LIGHTING GROUP, INC., LOWE'S COMPANIES, INC., and LOWE'S HOME CENTERS, INC., | § § § § § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff X-Tra Light Manufacturing, Inc's ("X-Tra Light's") Motions *In Limine* (Doc. No. 118) and the Acuity Defendants' Motions *In Limine* (Doc. No. 117). The rulings on each motion are set forth below.

### I. ACUITY DEFENDANTS' MOTIONS *IN LIMINE*

**A. Expert opinions not fully disclosed in expert report**

Both parties agree that expert opinions not fully disclosed in an expert report should not be introduced at trial. Thus, this motion *in limine* is **GRANTED**.

**B. Expert testimony regarding willful infringement**

The Acuity defendants have moved to exclude the opinion testimony of X-Tra Light's expert, N. Elton Dry, that Acuity's infringement was willful. According to his expert report, Mr. Dry "will offer an opinion that Defendants' infringement was willful, entitling X-Tra Light to have [its] damages enhanced." Dry Report at ¶ 16. Mr. Dry bases his opinion on several factors, *inter alia*, the allegation that Acuity had actual notice of the '183 patent while it was pending and

immediately upon issuance, an internal Acuity email remarking that its product was identical to X-Tra Light's product, and Acuity's stipulation to infringement of the '183 patent. Dry Report at ¶¶ 50, 52, 57. Based on these and a number of other considerations, Mr. Dry concludes that Acuity's infringement was willful under the factors set forth in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992).

The Acuity defendants object to this testimony on the ground that it is not the type of testimony that would assist the jury in making its ultimate determination on this issue. The question of willfulness is indeed a question of fact for the jury to decide. *Underwater Devices, Inc. v. Morrison-Knudsen Co. Inc.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983). Federal Rule of Evidence 704(a) permits expert testimony on issues ultimately to be decided by the jury. However, such expert testimony must assist the trier of fact to understand the evidence and determine the issue. This Court is of the opinion that a jury is capable of understanding and evaluating the evidence relating to willfulness without the assistance of an expert. *See Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 142-43 (N.D. Iowa 2003) ("willful infringement is *not* an issue on which the court finds that expert testimony will assist the trier of fact to understand the evidence or determine the issue. . . . Rather, 'willful infringement' is a matter for jury determination, in light of facts well within their understanding and appropriate instructions from the court."). The jury will be presented with the same evidence on which Mr. Dry based his opinion. It will then be able to evaluate this same evidence and reach its own conclusion on the issue of willful infringement. Allowing Mr. Dry's testimony on this issue would amount to permitting attorney argument about the appropriate interpretation of the facts—an improper purpose of expert testimony. Thus, the Acuity defendants' motion to

exclude the opinion testimony of Mr. Dryer that Acuity's infringement was willful is **GRANTED**.

### C. Evidence regarding post-October 21, 2002, price erosion damages

The Acuity defendants have moved to prevent X-Tra Light from presenting evidence regarding any damages it may have suffered as a result of Acuity's actions taken after October 21, 2002, the date after which this Court ruled that Acuity has no infringement liability. X-Tra Light is not seeking damages for lost sales after the infringement period, but it is seeking price erosion damages on sales that occurred during the infringement period and immediately thereafter. Its theory is that X-Tra Light was forced to make price reductions in response to Acuity's infringing sales, and that, as a result, it was unable to reestablish its former prices even after Acuity's infringement ceased.

The Court finds that evidence of post-October 21, 2002 price erosion damages is admissible at trial. *See Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1325 (Fed. Cir. 2000) (upholding an award of future price erosion damages). While it is true that X-Tra Light cannot recover lost profits from the sale of non-infringing substitutes, the alleged price erosion damages it incurred immediately after the infringement period may still be attributable to the infringing sales. X-Tra Light will be permitted to put on evidence that the price erosion was attributable to the infringement, and Acuity may put on evidence that any post-infringement period reduction in price was a result of non-infringing sales alone. The damages determination will then rest with the jury. *See id.* (noting that the plaintiff put on evidence of price erosion resulting from the infringement, and that the defendant's witnesses "disputed the conclusions of [plaintiff's] witnesses and presented contrary opinions."). Thus, the Acuity defendants' motion to exclude all evidence of post-October 21, 2002, price erosion damages is **DENIED**.

**D. Evidence concerning damages arising from loss of "161 additional stores"**

Acuity has moved to bar X-Tra Light from presenting evidence regarding damages resulting from its alleged agreement with Lowe's to provide the lighting fixtures for "161 additional stores." X-Tra Light is no longer claiming damages for the loss of these 161 additional stores, therefore, this motion *in limine* is **GRANTED**.

**E. Evidence concerning damages arising from loss of sales of "convoyed" products**

Acuity has moved to exclude all evidence regarding damages arising from loss of sales of "convoyed" products. The Federal Circuit has held that a patentee may recover damages on unpatented components related to the patented component as long as they function together "in some manner so as to produce a desired end product or result." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1550 (Fed. Cir. 1995). Whether particular unpatented components meet this standard is a question of fact. *Id.* (treating the question as one of fact). Thus, X-Tra Light must present evidence of the unpatented components that it claims are "convoyed" products and their relationship to the patented light fixture. The jury must then determine whether these unpatented components meet the test set out in *Rite-Hite*. Acuity's motion to exclude evidence concerning damages arising from loss of sales of "convoyed" products is therefore **DENIED**.

**F. Evidence of copying prior to patent issuance**

Acuity has moved to exclude all evidence that Acuity allegedly copied an X-Tra Light fixture before the issuance of the '183 patent. X-Tra Light argues that this evidence is relevant to the willfulness determination. Copying is, in fact, the first factor to consider in deciding whether infringement was willful. *Read Corp.*, 970 F.2d at 827. Ultimately, however, the willfulness inquiry is a question of fact to be determined from a totality of the circumstances. *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990).

4

Acuity argues that any alleged copying on its part is irrelevant in this case because it would have occurred prior to the issuance of the patent. While it is true that an infringer cannot have the intent willfully to infringe a patent of which it does not have knowledge, *id.* at 511, there appears to be a disputed issue of fact in this case as to whether and to what degree Acuity had knowledge of X-Tra Light's *pending* patent. The Federal Circuit has upheld findings of willfulness when the infringer had knowledge of a pending patent and copied prior to patent issuance. *See e.g., L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126-27 (Fed. Cir. 1993) (overturning district court finding of no willfulness); *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 353 F.2d 1557, 1566 (Fed. Cir. 1988).

Copying is relevant to the willfulness determination, and thus X-Tra Light will not be precluded from presenting evidence at trial that Acuity allegedly copied its design prior to patent issuance. Acuity is free to present competing evidence, and the jury will then make the willfulness determination based on the totality of the circumstances. Acuity's motion to exclude evidence of copying prior to patent issuance is therefore **DENIED**.

### G. Evidence relating to Acuity's submittal sheets

Acuity has moved to exclude all "cut sheets," "spec sheets," "submittal sheets," or "offers to sell" not made within the infringement period. X-Tra Light is not seeking damages based on any of these "offers to sell" made outside the infringement period, but asserts that they may nonetheless be relevant to other issues at trial. The Court does not have enough information on which to base a ruling at this time, so this motion *in limine* will be **DEFERRED** until trial.

### H. Demonstratives/exhibits not already admitted or jointly approved by parties

Both parties have agreed that demonstratives or exhibits not already admitted or jointly approved by the parties are inadmissible, thus this motion *in limine* is **GRANTED**.

5

**I. Prior litigation involving the Acuity defendants**

The parties have agreed that prior litigation involving Acuity will not be introduced unless Acuity puts that litigation at issue or it becomes necessary for impeachment. This motion *in limine* is therefore **GRANTED**.

## II. X-TRA LIGHT'S MOTIONS *IN LIMINE*

**A. Expert opinions not fully disclosed in expert report**

Both parties agree that expert opinions not fully disclosed in an expert report should be inadmissible at trial. Thus, this motion *in limine* is **GRANTED.**

In addition, X-Tra Light has moved to exclude the opinion of Acuity's expert, Alan Ratliff, that Acuity's infringement was not willful. As explained above, the Court is not persuaded that expert testimony on the issue of willful infringement will assist the jury in its determination. In addition, testimony by an attorney that Acuity's conduct does not constitute willful infringement amounts to improper attorney argument. Thus, X-Tra Light's motion to exclude Mr. Ratliff's opinion that Acuity's infringement was not willful is **GRANTED**.

**B. Opinions of counsel sought by Acuity**

X-Tra Light has moved to exclude all evidence regarding opinions of counsel sought by Acuity in connection with its infringing activity because Acuity has elected not to employ an "advice of counsel" defense to the charge of willful infringement. X-Tra Light contends that certain deposition testimony designated by Acuity makes reference to reliance on attorney advice. The Court does not have the deposition designations before it, and so cannot rule on this motion at this time. This motion *in limine* will therefore be **DEFERRED** until trial.

**C. Litigation between X-Tra Light and Acuity sales representatives**

6

The parties have agreed that the pending litigation between X-Tra Light and Acuity's sales representatives will not be introduced at trial. This motion *in limine* is therefore **GRANTED**.

**D. Evidence regarding settlement agreement between X-Tra Light and Lowe's**

X-Tra Light has moved to exclude all evidence regarding the settlement agreement between X-Tra Light and Lowe's. The parties indicated to the Court that they were pursuing an agreement on this issue, and thus this motion *in limine* will be **DEFERRED** until trial.

**IT IS SO ORDERED.**

**SIGNED** this 13th day of February, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**